**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OL USA, LLC<br><br>    Plaintiff,<br><br>v.<br><br>NOVO EXPRESS, INC. D/B/A FREIGHT AIR & SEA TRANSPORT,<br><br>    Defendants. | CIVIL CASE NO. 1:25-cv-6029<br><br>COMPLAINT<br><br>**Jury Trial Endorsed Herein** |

OL USA, LLC ("OL"), for its Complaint against Novo Express, Inc. d/b/a Freight Air & Sea Transport ("Defendant" and, collectively with OL, the "Parties"), states and avers as follows:

## THE PARTIES

1. OL is a Delaware limited liability company with its principal place of business at 265 Post Avenue, Suite 333, Westbury, New York 11590.

2. Upon information and belief, Defendant is a Georgia corporation with its principal place of business at 1108 Highway 16 East, Suite B, Newnan, Georgia 30263.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because this is a civil case involving admiralty or maritime jurisdiction.

4. Venue is proper in this Court and Defendant is subject to personal jurisdiction in this Court because the Terms and Conditions (as defined below) make state and federal courts in the State of New York the exclusive forum for disputes arising thereunder.

## STATEMENT OF FACTS

5.  OL provides non-vessel operating common carrier services, namely, arranging the transportation of goods for its customers around the world.

6.  Upon information and belief, Defendant is a freight forwarder and/or shipper of goods.

### A. OL Provided Services to Defendant

7.  Beginning on or about April 3, 2024 and continuing through April 28, 2025 (the "Services Period"), Defendant engaged OL to provide non-vessel operating common carrier services, namely, arranging the transportation of various goods (collectively, the "Services") for Defendant. Specifically, the Services consisted of OL arranging the transportation of goods (the "Goods") on behalf of Defendant to facilities designated by Defendant.

8.  During the Services Period, Defendant instructed OL to provide the Services and, as a result, OL ensured that certain Goods were transported from ports in the United States to various ports around the world.

9.  OL and Defendant entered into a contract of carriage, pursuant to which Defendant agreed to pay for, and OL agreed to arrange for, the Services.

10. During the Services Period, OL issued an Invoice (each an "Invoice" and, collectively, the "Invoices") each time that OL provided the Services to Defendant.

11. OL issued Invoices totaling not less than $101,043.50 (the "Charges") to Defendant between April 3, 2024, and April 28, 2025. True and correct copies of the Invoices are attached hereto as **Exhibit A**.

12. To date, not less than $101,043.50 remains due and owing to OL for the Services.

2

13. Specifically, the Services were subject to standard form trading terms and conditions provided by OL with each Invoice (the "Terms and Conditions"). The Terms and Conditions are explicitly incorporated on each Invoice issued by OL. The Terms and Conditions, as stated in the bottom right-hand corner of each Invoice, are available upon request, and are also available on the internet. A true and correct copy of the Terms and Conditions is attached hereto as **Exhibit B**.

14. The Terms and Conditions are also included in OL's tariff, as required by regulations by the Federal Maritime Commission, which are incorporated into the Invoices issued by OL. OL's tariff is also available on the internet.

15. Defendant is a "Merchant" under the Terms and Conditions. Specifically, "Merchant" is defined in Section 1 of the Terms and Conditions as follows: "'Merchant' includes the shipper, consignor, consignee, owner, and receiver of the Goods and the holder of this Bill of Lading." See **Ex. B**, § 1.

16. Section 20(E) of the Terms and Conditions (and the applicable tariff) provides:

> The shipper, consignor, consignee, owner of the Goods and holder of this Bill of Lading shall be jointly and severally liable to the Carrier for the payment of all freight and charges and for the performance of the obligations of any of them under this Bill of Lading.

*Id.*

17. The Services were requested by, and for the benefit of, Defendant.

18. The Services were fulfilled by OL as requested.

19. Defendant and/or its customers were the ultimate recipient of the Goods.

20. On each Invoice issued by OL, Defendant is listed as the customer and/or shipper. *See generally* **Ex. A**.

21. Thus, in consideration for OL's Services, Defendant, as the customer and/or shipper, agreed to pay all charges associated with transportation of the Goods.

22. Under the Invoices and Terms and Conditions, Defendant agreed to pay all sums payable to OL in full and in cash without any offset, counterclaim, or deduction.

23. Despite receiving the Goods and the benefit of OL's Services, Defendant has not satisfied the Charges.

24. On September 11, 2025, OL sent a demand letter (the "Demand Letter") to Defendant requesting payment of the Charges. A true and correct copy of the Demand Letter is attached hereto as **Exhibit C**.

25. As of the date of the Demand Letter, $103,268.50 was due and owing from Defendant to OL for the Services. Between the date of the Demand Letter and the date hereof, Defendant has paid to OL $2,225.00. However, as of the date hereof, Defendant has not satisfied the remaining balance of the Charges: $101,043.50.

26. Consequently, Defendant is liable to OL in an amount to be proven at trial of no less than One Hundred One Thousand Forty-Three Dollars and Fifty Cents ($101,043.50), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees. *See* **Ex. B**, § 19(A).

## COUNT I
### (Breach of Contract)

27. OL incorporates by reference all precedent paragraphs as if fully set forth hereafter at length.

28. OL and Defendant entered into valid and enforceable contracts in the form of the Invoices and the Terms and Conditions.

29. Defendant is bound by the Terms and Conditions incorporated by the Invoices issued from OL to Defendant.

30. Defendant breached its contractual obligations under the Invoices and the Terms and Conditions by failing to pay the Charges associated with the Services provided by OL.

31. OL has fully performed all of its obligations under the Terms and Conditions.

32. As a result of Defendant's breach, OL has incurred damages and is entitled to recover damages from Defendant in an amount to be proven at trial of no less than One Hundred One Thousand Forty-Three Dollars and Fifty Cents ($101,043.50), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees. *See* **Ex. B**, § 19(A).

## COUNT II
### (Unjust Enrichment)
*In the Alternative to Count I*

33. OL incorporates by reference all precedent paragraphs as if fully set forth hereafter at length.

34. As described above, OL performed the Services on behalf of Defendant.

35. Defendant promised to pay OL for the Services and the Charges related thereto.

36. OL provided the Services, Defendant was aware of the Services being provided, and Defendant received the benefit of OL's Services.

37. The benefits conferred upon Defendant are at the expense of, and to the detriment of, OL.

38. Defendant has a legal and/or equitable obligation to pay the Charges.

39. It is against equity and good conscience for Defendant to retain the benefit of OL's services without payment or restitution.

40. As a result, OL has incurred damages and is entitled to recover damages from Defendant in an amount to be proven at trial of no less than One Hundred One Thousand Forty-Three Dollars and Fifty Cents ($101,043.50), plus pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees.  *See* **Ex. B**, § 19(A).

**WHEREFORE**, Plaintiff OL USA, LLC, demands judgment in its favor on all claims for relief and providing the following:

1. Judgment against Defendant in an amount to be proven at trial of no less than One Hundred One Thousand Forty-Three Dollars and Fifty Cents ($101,043.50)

2. Pre-judgment and post-judgment interest, costs, and reasonable attorneys' fees; and

3. All other just and appropriate relief determined by the Court.

## DEMAND FOR JURY

OL USA LLC hereby demands a trial by jury on all issues so triable in the above-captioned action.

Dated: October 28, 2025

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

 */s/ John C. Gentile*
John C. Gentile (#6138028)
1155 6th Avenue, 26th Floor
New York, New York 10036
Telephone: (302) 442-7010
Email: jgentile@beneschlaw.com

*Attorney for OL USA, LLC*